

1   NICHOLAS A. TRUTANICH
United States Attorney
2   District of Nevada
Nevada Bar Number 13644
3   JAMES E. KELLER
Nevada Bar No. 10636
4   MEGAN M. RACHOW
Nevada Bar. 8231
5   Assistant United States Attorneys
400 South Virginia, Suite 900
6   Reno, Nevada  89501
Phone: (775) 784-5438
7   james.keller3@usdoj.gov
megan.rachow@usdoj.gov
8   *Attorneys for the United States of America*

9

10              **UNITED STATES DISTRICT COURT**
               **FOR THE DISTRICT OF NEVADA**

11   UNITED STATES OF AMERICA,     No 3:18-CR-00101-MMD-CBC

12           Plaintiff,          **Plea Agreement for Defendant**
                            **Daren W. Phillips**
13            v.

14   DAREN W. PHILLIPS,

15           Defendant.

16

17       This plea agreement between Daren W. Phillips ("defendant") and the United States

18   Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

19   regarding the criminal charges referenced herein and the applicable sentences, fines, restitution

20   and forfeiture in the above-captioned case.

21       Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the government and

22   the defendant agree that a specific sentence of 63 months' imprisonment, and not less than 20

23   years and up to a lifetime period of supervised release, would be appropriate in this case. This

24   agreement binds only defendant, the USAO and the district court, and does not bind the U.S.

1    Probation Office or any other federal, state, local, or foreign prosecuting, enforcement,

2    administrative, or regulatory authorities. This agreement does not prohibit the USAO or any

3    agency or third party from seeking any other civil or administrative remedies, including civil

4    forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

5         This agreement becomes effective upon signature by defendant, defendant's counsel, and

6    an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

8    1.    Defendant agrees to:

9         a.    At the earliest opportunity requested by the USAO and provided by the

10   district court, appear and plead guilty to Count Two of the indictment in this case, which

11   charges defendant with Possession of Child Pornography, in violation of 18 U.S.C.

12   § 2252A(a)(5)(B) and (b)(2) (Count Two).

13        b.    Stipulate to the facts agreed to in this agreement;

14        c.    Abide by all agreements regarding sentencing contained in this agreement;

15        d.    Not seek to withdraw defendant's guilty plea once it is entered, unless the

16   Court later rejects this plea agreement pursuant to Fed. R. Crim. P. 11(c)(5);

17        e.    Appear for all court appearances, surrender as ordered for service of

18   sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

19        f.    Not commit any federal, state, or local crime;

20        g.    Be truthful at all times with the U.S. Probation and Pretrial Services Offices

21   and the Court;

22        h.    Before and after sentencing, upon request by the Court, the USAO, or the

23   Probation Office, provide accurate and complete financial information, submit sworn

24   statements, and/or give depositions under oath concerning defendant's assets and defendant's

2

1  ability to pay. As part of the required disclosure, defendant agrees to provide any and all

2  financial information and authorizations requested by the Probation Office for preparation of the

3  Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

4  authorized to obtain defendant's credit report. Defendant will also complete a financial form

5  provided by the USAO, to include all supporting documentation, and return it to the USAO

6  within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

7  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

8          i.      To facilitate payment of any fine, forfeiture, restitution, or assessment,

9  surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

10  Defendant agrees to voluntarily release funds and property under defendant's control or in which

11  defendant has any property interest, before and after sentencing, to pay any fine or restitution

12  identified in this agreement, agreed to by the parties, or ordered by the Court.

## II. THE USAO'S OBLIGATIONS

14      2.    The USAO agrees to:

15          a.      Stipulate to facts agreed to in this agreement;

16          b.      Abide by all agreements regarding sentencing contained in this agreement;

17          c.      At sentencing, provided that defendant demonstrates an acceptance of

18  responsibility for the offense up to and including the time of sentencing, recommend a two-level

19  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

20  move for an additional one-level reduction if available under that section;

21          d.      At sentencing, move to dismiss the remaining counts of the indictment as

22  against defendant. Defendant agrees, however, that the district court may consider any dismissed

23  charges in determining the applicable sentencing guidelines range, the propriety and extent of

24  any departure from that range, and the sentence to be imposed; and

1       e.      Not bring any additional charges against defendant arising out of the

2 investigation in the District of Nevada which culminated in this agreement and based on

3 conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for

4 (a) any crime of violence as defined by 18 U.S.C. § 16; (b) any criminal tax violations (including

5 conspiracy to commit such violations chargeable under 18 U.S.C. § 371); and (c) any conduct,

6 even if known to the USAO, that is not part of the same course of conduct as the charged offense

7 in this case. Defendant agrees that the district court at sentencing may consider any uncharged

8 conduct in determining the applicable sentencing guidelines range, the propriety and extent of

9 any departure from that range, and the sentence to be imposed after consideration of the

10 sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

12      3.     <u>Count Two</u>: The elements of Possession of Child Pornography under 18 U.S.C. §

13 2552A(a)(5)(B) and (b)(2) are as follows:

14      <u>First</u>:      the defendant knowingly possessed books, magazines, periodicals, films,

15                   video tapes, or matters that the defendant knew contained a visual depiction

16                   of minors engaged in sexually explicit conduct;

17      <u>Second</u>:    the defendant knew each of the visual depiction contained in the books,

18                   magazines, periodicals, films, video tapes, or matters showed a minor

19                   engaged in sexually explicit conduct;

20      <u>Third</u>:     the defendant knew that production of such visual depictions involved use

21                   of a minor in sexually explicit conduct; and

22      <u>Fourth</u>:    that each of the visual depictions had been mailed, shipped, or transported

23                   using any means or facility of interstate commerce,

24

*or*

4

1            produced using material that had been mailed, shipped, or transported

2            using any means or facility of interstate commerce by any means including

3            by computer.

4       A "minor" is any person under the age of 18 years.

5       "Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality,

6 masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area

7 of any person.

8       *See* Ninth Circuit Model Criminal Jury Instruction 8.185 (4/2019) (modified).

9                        **IV. CONSEQUENCES OF CONVICTION**

10      4.      <u>Maximum Statutory Penalty</u>:

11          a.    Defendant understands that the statutory maximum sentence the district

12 court can impose for a violation of 18 U.S.C. §§ 2552A(a)(5)(B) and (b)(2) as charged in Count

13 2, is 20 years' imprisonment because an image of child pornography involved in the offense

14 involved a prepubescent minor; a period of lifetime supervised release; a fine of $250,000; and a

15 mandatory special assessment of $100. Defendant further understands that a violation of 18

16 U.S.C. § 2552A(a)(5)(B) carries a statutory maximum term of lifetime supervision.

17      5.      <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence

18 cannot be shortened by early release on parole because parole has been abolished.

19      6.      <u>Supervised Release</u>: Defendant understands that supervised release is a period of

20 time following imprisonment during which defendant will be subject to various restrictions and

21 requirements. Defendant understands that if defendant violates one or more of the conditions of

22 any supervised release imposed, defendant may be returned to prison for all or part of the term of

23 supervised release authorized by statute for the offense that resulted in the term of supervised

24

1  release, which could result in defendant serving a total term of imprisonment greater than the

2  statutory maximum stated above.

3      7.      <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

4  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

5  However, the statutory maximum sentence of 20 years' imprisonment limits the district court's

6  discretion in determining defendant's sentence.

7      8.      <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by

8  pleading guilty, defendant may be giving up valuable government benefits and valuable civic

9  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

10  right to serve on a jury. Defendant understands that once the district court accepts defendant's

11  guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.

12  Defendant understands that the conviction in this case may also subject defendant to various

13  other collateral consequences, including but not limited to revocation of probation, parole, or

14  supervised release in another case and suspension or revocation of a professional license.

15  Defendant understands that unanticipated collateral consequences will not serve as grounds to

16  withdraw defendant's guilty plea.

17      9.      <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant

18  understands that, if defendant is not a United States citizen, the felony conviction in this case

19  may subject defendant to removal, also known as deportation, which may, under some

20  circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

21  in the future. The district court cannot, and defendant's attorney also may not be able to, advise

22  defendant fully regarding the immigration consequences of the felony conviction in this case.

23  Defendant understands that unexpected immigration consequences will not serve as grounds to

24  withdraw defendant's guilty plea.

10.     The defendant also agrees to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in this plea agreement and the Forfeiture Allegation of the Indictment.

### V. FACTUAL BASIS

11.     Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

From 2016 to April 2018, the defendant Daren W. Phillips possessed a Dell P26E black and silver laptop computer, bearing serial number 2R02312 ("the defendant's laptop" or "his laptop"), on which the defendant knowingly possessed 4753 images and 538 videos of child pornography. Several of the defendant's personal items, such as his divorce papers, his Georgia commercial driver's license, his passport application, and his resume appeared on his laptop.

The defendant knowingly possessed child pornography on his laptop primarily in two subfolders: a "phone" subfolder and a "newsbin" subfolder. In each were videos and images of prepubescent minors engaged in sexual acts with adults, including minors' oral copulation of an adult's penis, and vaginal and anal penetration of minors by an adult's penis. In each were images depicting sadistic and masochistic conduct, including nude minors tied with rope. The defendant knew the images and videos involved the use of a minor in sexual explicit conduct.

7

1      Some of these videos and images of child pornography the defendant possessed on his

2  laptop prior to his move from the Savannah, Georgia area to Reno, Nevada area in June 2017.

3  The defendant took his laptop with him during that move from Georgia to Nevada.

4      While in Nevada, the defendant possessed the aforementioned child pornography, and

5  accessed videos of the child pornography as late as the morning of April 9, 2018.  The defendant

6  had signed into his email account, darenwphillips@gmail.com, at times contemporaneous to his

7  access to child pornography files on that laptop, as reflected in forensic report.

8      Sixty-four series of identified child pornography victims were located in the defendant's

9  laptop.

10      12.     The defendant knowingly and voluntarily agrees to the forfeiture of the

11  defendant's laptop computer, and the hard drive therein, and the mobile phone, as being used or

12  intended to use in the commission of the crime for which he is pleading guilty, Possession of

13  Child Pornography, Count Two of the indictment.

14      All in the District of Nevada.

### VI. FORFEITURE AND FINE

16      13.     The defendant knowingly and voluntarily:

17      a.     Agrees to the district court imposing the civil judicial forfeiture or the

18  criminal forfeiture of:

19          (1) a Dell P26E black and silver laptop computer, bearing serial number 2R02312,

20          (2) the hard drive with serial number S3P64PWY in the Dell P26E black and silver

21          laptop computer with serial number serial number 2R02312, and

22          (3) a Motorola XT1254 Droid Turbo Phone with electronic serial number

23          990005113431283

24  (all of which constitutes property);

8

1    b.  Agrees to the abandonment, the civil administrative forfeiture, the civil

2 judicial forfeiture, or the criminal forfeiture of the property;

3    c.  Abandons or forfeits the property to the United States;

4    d.  Relinquishes all possessory rights, ownership rights, and all rights, titles,

5 and interests in the property;

6    e.  Waives defendant's right to any abandonment proceedings, any civil

7 administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal

8 forfeiture proceedings of the property (proceedings);

9    f.  Waives service of process of any and all documents filed in this action or

10 any proceedings concerning the property arising from the facts and circumstances of this case;

11    g.  Waives any further notice to defendant, defendant's agents, or defendant's

12 attorney regarding the abandonment or the forfeiture and disposition of the property;

13    h.  Agrees not to file any claim, answer, petition, or other documents in any

14 proceedings concerning the property; agrees not to contest, or to assist any other person or entity

15 in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or

16 other documents in any proceedings;

17    i.  Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

18 P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

19 document, the court advising defendant of the forfeiture at the change of plea, the court having a

20 forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to

21 announce the forfeiture at sentencing, and all constitutional requirements, including but not

22 limited to, the constitutional due process requirements of any proceedings concerning the

23 property;

24    j.  Waives defendant's right to a jury trial on the forfeiture of the property;

k.      Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l.      Agrees to the entry of an Order of Forfeiture of the property to the United States;

m.      Waives the right to appeal any Order of Forfeiture;

n.      Agrees the property is forfeited to the United States;

o.      Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

p.      Agrees and understands the USAO may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

q.      Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

r.      Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all of assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests

10

1  include all assets and financial interests that defendant has an interest, direct or indirect, whether

2  held in defendant's name or in the name of another, in any property, real or personal. Defendant

3  shall also identify all assets valued at more than $1,000 which defendant has transferred to third

4  parties or diverted from defendant directly to third parties, since January 23, 2018, including the

5  location of the assets and the identity of any third party.

6          s.     The defendant admits the property is (1) any visual depiction described in

7  18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which

8  contains any such visual depiction, which was produced, transported, mailed, shipped or

9  received in violation of 18 U.S.C. § 2252A(a)(2) and (2) any property, real or personal, used or

10  intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) or any

11  property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. §

12  2253(a)(1) and 2253(a)(3).

13
14  ## VII. SEX OFFENDER REQUIREMENTS, RESTITUTION, AND FINE

15      14.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act

16  of 2015, 18 U.S.C. § 3014, the Court shall impose an additional $5,000 special assessment if the

17  Court concludes that defendant is a non-indigent person, to be paid after the defendant's other

18  financial obligations have been satisfied.

19      15.    Defendant understands and agrees that under the Sex Offender Registration and

20  Notification Act ("SORNA"), 42 U.S.C. § 16901 *et. seq.*, he must register as a sex offender and

21  keep the registration current in each of the following jurisdictions: (1) where Defendant resides;

22  (2) where Defendant is an employee; and (3) where Defendant is a student.  Defendant

23  understands that he must comply with all the registration requirements contained in SORNA.

24  42 U.S.C. § 16901 *et. seq.* Defendant further understands that the requirements for registration

include, but are not limited to, providing Defendant's name, residence address, and the names and addresses of any places where Defendant is or will be an employee or a student.

16.    Defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which Defendant resides, is an employee, or is a student no later than three business days after any change of Defendant's name, residence, employment, or student status. Defendant has been advised and understands that failure to comply with these obligations subjects Defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

17.    In exchange for benefits received under this Plea Agreement, Defendant agrees to make full restitution in an amount to be determined by the Court. The parties agree that restitution is mandatory in this case where there are identified minor victims in the child pornography possessed by the defendant pursuant to 18 U.S.C. § 3663A. Defendant cannot discharge his restitution obligation through bankruptcy proceedings. Defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

**VIII. SENTENCING FACTORS**

18.    <u>Discretionary Nature of Sentencing Guidelines</u>.

Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion whether to accept this

proposed binding plea agreement that the defendant be sentenced to 63 months' imprisonment followed by a term of supervised release of at least 20 years and up to lifetime supervision.

19.   <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply any other specific offense characteristics, enhancements, or reductions, except as expressly noted in the following paragraphs:

| | |
|---|---|
| Base Offense Level [USSG § 2G2.2(a)(1)]: | 18 |
| Depictions of prepubescent children (§ 2G2.2(b)(2)) | +2 |
| Use of a computer to view the material (§ 2G2.2(b)(6)): | +2 |
| Involves materials that contain sadistic or masochistic conduct, (§ 2G2.2(b)(4)): | +4 |
| The offense involved more than 600 images | +5 |
| <u>Acceptance of Responsibility (§ 3E1.1)</u> | -3 |
| Adjusted Offense Level: | 28 |

20.   <u>Career Offender</u>: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

21.   <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides

13

1    false or misleading information to the USAO, the Court, Pretrial Services, or the Probation

2    Office; (e) denies involvement in the offense or provides conflicting statements regarding

3    defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense;

4    (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime;

5    (h) fails to appear in court; or (i) violates the conditions of pretrial release.

6         Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

7    level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

8    downward adjustment pursuant to the preceding paragraph, the USAO will move for an

9    additional one-level downward adjustment for acceptance of responsibility before sentencing

10   because defendant communicated defendant's decision to plead guilty in a timely manner that

11   enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

12        22.   <u>Criminal History Category</u>. Defendant acknowledges that the district court may

13   base defendant's sentence in part on defendant's criminal record or criminal history. The district

14   court will determine defendant's criminal history category under the sentencing guidelines.

15        23.   <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines

16   calculations are based on information now known to the parties. Defendant understands that

17   both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

18   relevant information to the U.S. Probation and Pretrial Services Offices and the district court

19   regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

20   mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

21   district court's sentencing guidelines calculations and determination of sentence. While this

22   paragraph permits both the USAO and defendant to submit full and complete factual

23   information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

24   factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

1   paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

2   to in this agreement. Good faith efforts to provide truthful information or to correct factual

3   misstatements shall not be grounds for defendant to withdraw defendant's guilty plea[s].

4       Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

5   guidelines differently and may rely on additional information it obtains through its investigation.

6   Defendant also acknowledges that the district court may rely on this and other additional

7   information as it calculates the sentencing guidelines range and makes other sentencing

8   determinations, and the district court's reliance on such information shall not be grounds for

9   defendant to withdraw defendant's guilty plea.

## IX. POSITIONS REGARDING SENTENCING

11       24.   **This is a binding plea agreement under Federal Rule of Criminal Procedure**

12   **11(c)(1)(C).** The parties will jointly recommend that the district court sentence defendant to a

13   63-month term of imprisonment and at least 20 years of supervised release and up to a term of

14   lifetime supervised release. In the event that a sentence of 63 months is outside defendant's

15   advisory Guideline range as determined by the district court, the parties will jointly request a

16   variance to 63 months.  Furthermore, as to the period of supervised release to follow the 63'

17   months of imprisonment, the defendant agrees not to argue for less than 20 years of supervised

18   release and the government is free to argue for up to lifetime supervised release.

19       25.   In agreeing to this sentencing recommendation, the parties have taken into

20   consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of

21   63 months, followed by a period of supervised release of at least 20 years and up to life is a

22   reasonable sentence. The parties understand and the defendant acknowledges that, if the Court

23   accepts this binding plea agreement, this recommended 63-month term of imprisonment

24   followed by a range of 20 years to lifetime supervised release sentence will be binding on the

1   Court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this

2   Plea Agreement in the event that the Court informs the parties that the Court rejects this

3   binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

4         If the Court rejects this binding Plea Agreement, the defendant is advised that: (a) the

5   Court is not required to follow the plea agreement, (b) the defendant has the opportunity to

6   withdraw from the plea, and (c) if the plea is not withdrawn, the Court may dispose of the case

7   less favorably toward the defendant than the plea agreement contemplated, pursuant to Fed. R.

8   Crim. P. 11(c)(1)(5)(A)-(C).

9         26.    Notwithstanding its agreement to recommend a sentence as described above, the

10   USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

11   conviction litigation.

12         27.    If defendant commits any act that could result in a loss of the downward

13   adjustment for acceptance of responsibility, the USAO is entitled to argue for a sentence up to

14   the statutory maximum sentence, or alternatively to withdraw from the agreement, but

15   defendant will remain bound by the provisions of this agreement and will not have the right to

16   withdraw defendant's guilty plea.

17   **X. WAIVER OF CONSTITUTIONAL RIGHTS**

18         28.    Defendant understands that by pleading guilty, defendant gives up the following

19   rights:

20         a.    The right to persist in a plea of not guilty;

21         b.    The right to a speedy and public trial by jury;

22         c.    The right to be represented by counsel—and if necessary have the court

23   appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to

24

1  be represented by counsel—and if necessary have the court appoint counsel—at every other stage

2  of the proceeding;

3         d.     The right to be presumed innocent and to have the burden of proof placed

4  on the USAO to prove defendant guilty beyond a reasonable doubt;

5         e.     The right to confront and cross-examine witnesses against defendant;

6         f.     The right to testify and to present evidence in opposition to the charges,

7  including the right to compel the attendance of witnesses to testify;

8         g.     The right not to be compelled to testify, and, if defendant chose not to

9  testify or present evidence, to have that choice not be used against defendant; and

10         h.     The right to pursue any affirmative defenses, Fourth Amendment or Fifth

11  Amendment claims, and any other pretrial motions that have been filed or could be filed.

## XI. WAIVER OF APPELLATE RIGHTS

13       29.    <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the

14  right to appeal any sentence contemplated by the parties in this binding Plea Agreement; (b) the

15  right to appeal the manner in which the district court determined that sentence on the grounds

16  set forth in 18 U.S.C. § 3742; and (c) subject solely to the exceptions listed in the next paragraph,

17  the right to appeal any other aspect of the conviction, including but not limited to the

18  constitutionality of the statute of conviction; any other aspect of the sentence; and any order of

19  restitution or forfeiture.

20       30.    Defendant reserves the right to appeal only the district court's denial of

21  Defendant's Motion to Suppress (ECF No. 17).

22       31.    <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly

23  waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

24

conviction, sentence, and the procedure by which the district court adjudicated guilt and

imposed sentence, except non-waivable claims of ineffective assistance of counsel.

32.    Preservation of Evidence: Defendant acknowledges that the USAO and the

agencies investigating this case are not obligated or required to preserve any evidence obtained in

the investigation of this case.

## XII. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

33.    Consequence of withdrawal of guilty plea: Defendant agrees that if, after entering

a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in

withdrawing defendant's guilty plea on any basis other than the district court rejecting the

binding plea agreement or a claim and finding that entry into this agreement was involuntary,

then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should

the USAO choose to pursue any charge that was either dismissed or not filed as a result of this

agreement, then (i) any applicable statute of limitations will be tolled between the date of

defendant's signing of this agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of

pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

34.    Consequence of vacatur, reversal, or set-aside: Defendant agrees that if

defendant's conviction is vacated, reversed, or set aside, or the specific enhancement imposed by

the district court to which the parties stipulated in this agreement is vacated or set aside, both the

USAO and defendant will be released from all their obligations under this agreement, except

that, should the USAO choose to pursue any charge that was either dismissed or not filed as a

result of this agreement, then (i) any applicable statute of limitations will be tolled between the

date of defendant's signing of this agreement and the filing commencing any such action; and (ii)

18

1   defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-

2   indictment delay, or any speedy trial claim with respect to any such action, except to the extent

3   that such defenses existed as of the date of defendant's signing this agreement.

4                              **XIII. BREACH OF AGREEMENT**

5          35.    Defendant agrees that if, at any time after this agreement becomes effective,

6   defendant knowingly violates or fails to perform any of defendant's obligations under this

7   agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

8   obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

9   breach, and defendant shall not be deemed to have cured a breach without the express agreement

10   of the USAO in writing. If the USAO declares this agreement breached, and the district court

11   finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

12   pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

13   will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its

14   obligations under this agreement.

15          36.    Following the Court's finding of a knowing breach of this agreement by defendant,

16   should the USAO choose to pursue any charge that was either dismissed or not filed as a result

17   of this agreement, then:

18                 a.      Defendant agrees that any applicable statute of limitations is tolled between

19   the date of defendant's signing of this agreement and the filing commencing any such action.

20                 b.      Defendant waives and gives up all defenses based on the statute of

21   limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

22   action, except to the extent that such defenses existed as of the date of defendant's signing this

23   agreement.

24

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIV. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE ARE NOT THE PARTIES

37.  Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

38.  Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

39.  Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

20

## XV. ADDITIONAL ACKNOWLEDGMENTS

40.    The Defendant acknowledges that:

a.    Defendant read this agreement and defendant understands its terms and conditions.

b.    Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.    Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.    The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g.    Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

41.    Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

1    42.    Defendant understands that no promises, understandings, or agreements other

2    than those set forth in this agreement have been made or implied by defendant, defendant's

3    attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

4    force or effect unless set forth in writing and signed by all parties or confirmed on the record

5    before the district court.

6    43.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

7    that no one threatened, coerced, or forced defendant to enter into this agreement.

8    44.    Defendant is satisfied with the representation of defendant's attorney, and

9    defendant is pleading guilty because defendant is guilty of the charges and chooses to take

10    advantage of the promises set forth in this agreement and for no other reason.

11    **XVI. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

12    45.    The parties agree that this agreement will be considered part of the record of

13    defendant's guilty plea hearing as if the entire agreement had been read into the record of the

14    proceeding.

15    AGREED AND ACCEPTED

16    UNITED STATES ATTORNEY'S OFFICE
     FOR THE DISTRICT OF NEVADA

17    
     NICHOLAS A. TRUTANICH

18    United States Attorney

19    _____        _6/5/19_____
                                             Date

20    JAMES E. KELLER
     MEGAN M. RACHOW
     Assistant United States Attorneys

21    
     _____        _6-5-19_____

22    DAREN W. PHILLIPS                       Date
     Defendant

23    
     _____        _6/5/19_____

24    CHRIS P. FREY, A.F.P.D.                  Date
     Attorney for Defendant DAREN W. PHILLIPS

                                    22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24