NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
ANDOLYN JOHNSON
Assistant United States Attorney
Nevada Bar Number 14723
400 South Virginia Street, Suite 900
Reno, Nevada  89501
Andolyn.Johnson@usdoj.gov
(775) 784-5438

*Representing the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  3:18-CR-00101-MMD-CBC |
| Plaintiff, | |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| DAREN WAYNE PHILLIPS, | |
| Defendant. | |

I.      **Introduction**

The defendant Daren Phillips pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). Pursuant to his guilty plea, the parties jointly recommend a sentence of 63 months of imprisonment. The Government further recommends lifetime supervised release. When police searched Phillips' laptop in 2018, forensic analysis identified 4,753 images and 538 videos of child pornography along with 17,036 images and 449 videos containing child erotica or nudity. The investigation identified 64 child pornography series with known child victims.

The parties agree that a sentence of 63 months is appropriate to punish and deter Phillips' conduct, and protect his vulnerable victims while he receives needed treatment. The statutory

maximum for this offense is 20 years. The parties entered into a plea agreement stipulating to an offense level of 28. The Guideline range for that offense level is 78 to 97 months. The offense level and the parties' recommendation of 63 months is consistent with the recommendation of the Probation Office in the Presentence Investigative Report. The only aspect of sentencing that the parties disagree on is the period of supervised release. The defendant may argue down to 20 years, while the Government recommends lifetime supervision for the reasons stated herein.

## II.     Factual background

On April 23, 2018, Phillips' ex-girlfriend A.W. presented his laptop to the police, and reported finding child pornography in the browser history and stored on the device.  Investigators confirmed the laptop was Phillips and identified folders storing images and videos of child pornography. When questioned by police, the defendant initially denied any knowledge of child pornography on his laptop. He has since admitted that the device and the child pornography found on it were his.

Subsequent investigation revealed a lengthy history of Phillips collecting and viewing child pornography. Phillips previously resided in Georgia with his ex-wife K.G.  Facebook messages between A.W. (ex-girlfriend) and K.G. confirmed Phillips' history with child pornography and raised concerns about Phillips' behavior around prepubescent girls, including his own daughters. K.G. told investigators that Phillips had serious alcohol and pornography addictions while they were married, so much so that he would watch pornography on his laptop while eating dinner at the table with K.G. and his daughters. A.G. recounted observing Phillips' increasing interest in pornography containing prepubescent females. Dating back to the early 2000s, K.G. found hidden files on the family computer that contained hard-core child pornography, depicting girls as young as five and six years old. K.G. also reported that the defendant was using one of their home computers as a peer-to-peer network hub for exchanging child pornography.

In 2004 or 2005, when their two daughters were young, K.G. confronted Phillips about his interest in child pornography, and he responded that he "would never do anything with his girls, but that their friends were fair game." K.G. observed that Phillips would frequently get erections when playing with and watching prepubescent girls, including his own daughters. This occurred as early as 2001. K.G. and Phillips divorced in 2011. Phillips' now adult daughters have not made allegations of inappropriate contact, but both reported feeling physically uncomfortable around him at times.

Phillips started dating A.W. while living in Georgia, and they moved to Nevada in 2017. A.W. has multiple small children. The children were interviewed and none reported inappropriate contact by Phillips. Shortly after relocating to Nevada, Phillips entered into rehab for alcohol addiction. Both K.G. and A.W. told investigators about Phillips' significant alcohol abuse. It was while the defendant was in rehab for alcohol addiction that A.W. turned his laptop over to police.

Phillips' laptop contained approximately 4,753 images and 538 videos of child pornography. It also contained an additional 17,036 images and 449 videos depicting child erotica or child nudity and 990 images containing computer generated sexual images of young children.  The images included prepubescent minors engaging in oral, vaginal and anal sex with adult males. Some were sadistic and masochistic, including nude minors tied up with rope. Of the images recovered, investigators identified 64 series with known child victims.

The FBI arrested Phillips on December 4, 2018. He was released on a personal recognizance bond pending trial, but his bond was revoked on April 19, 2019 due to failure to comply with conditions of monitoring. In June 2019, Phillips pleaded guilty to one count of possession of child pornography. 18 U.S.C. § 2252A(a)(5)(B); ECF No. 122. He has been in continuous custody since April 19, 2019.

The Presentence Investigation Report indicates that Phillips had a stable upbringing with a supportive family. He maintained steady employment after being medically discharged from military

service. He reports no mental health conditions, but does admit to an extensive alcohol addiction for which he has recently sought treatment. Phillips' alcohol abuse, along with his stockpiling of child pornography and inappropriate boundaries with children, show that he has been on a dangerous path for quite some time. A significant sentence is necessary to account for the seriousness of Phillips' actions, deter this behavior, protect children, and provide Phillips with treatment he clearly needs.

### III.    Discussion

The goal of sentencing is to "'impose a sentence sufficient but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carry*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). The Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," the applicable sentencing guideline range, any pertinent policy statement, sentences imposed on other similarly situated defendants, and the need for victim restitution. 18 U.S.C. § 3553(a). The defendant's conduct warrants a sentence of 63 months followed by lifetime supervision to further these goals.

### a.   Nature of Child Pornography Offenses

Child pornography offenses are not victimless crimes. *United States v. Boos*, 127 F.3d 1207, 1211 (9th Cir. 1997). Every time a pedophile views an image of child pornography, he causes harm. *United States v. Blinkinsop*, 606 F.3d 1110, 1117 (9th Cir. 2010). Phillips collected images and videos that depicted the violent sexual assaults of children. All of the children depicted in Phillips' collection were victimized by his actions. Previous victims of child pornography have described in detail the pain that they suffer due to the possession of images and videos of their abuse by individuals like Phillips. Images of child pornography depict the worst days of a child's life—the day that they were raped,

4

tortured, assaulted, and abused—often times by someone they trusted like a father, uncle, friend, or coach. Phillips derived sexual pleasure from the humiliation and pain experienced by these children.

Because of Phillips, there is a market that perpetuates abuse of children – a market that is growing at unprecedented speed. *See* Carey, B., *Preying on Children, The Emerging Psychology of Pedophiles*, THE NEW YORK TIMES (Sept. 29, 2019). The exploitation is never-ending. Victims live knowing that their abuse is being shared online to satisfy the sexual desires of deviants who seek it out and make it available to others. Moreover, recent studies have attempted to discern the correlation between viewing child pornography and the likelihood of hands-on contact with children. The previous view that only a minority of child pornography viewers commit physical abuse is no longer the prevailing belief. More recent studies have found that approximately 60% of convicted online offenders later admit to having sexually abused a child. *Id.*

The Sentencing Commission submitted its most recent evaluation of the child pornography guidelines in its Report to the Congress: Federal Child Pornography Offenses (*available at* http://www.ussc.gov/news/congressional-testimony-and-reports/sex-offense-topics/report-congress-federal-child-pornography-offenses) (the "2012 Report"). The 2012 Report opens stating: "All child pornography offenses, including the simple possession of child pornography, are extremely serious because they both result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Id.* at vi.

The 2012 Report further describes how the Internet has perpetuated and heightened the harm to victims, causing them to "live with persistent concern over who has seen images of their sexual abuse and suffer by knowing that their images are being used by offenders for sexual gratification and potentially for 'grooming' new victims of child sexual abuse." Internet possession is a lifelong harm.

Moreover, online communities validate and escalate the abuse of children and normalize this horrific violence.[1] *Id.* at vi-vii.

The Sentencing Commission emphasized the terrible impact of child pornography and the highly destructive, life-long impact it has on victims. It devastates children and the effects of this abuse extend to those who are close to the victim, including parents, partners, spouses, friends, and siblings. It destroys families and communities when rape, violence, and exploitation of children are normalized and traded, collected, and used for sexual gratification.

**b.  The Sentencing Guideline Range**

Defendant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  In the plea agreement, the parties agreed on a base offense level of 18, along with a number of sentencing enhancements arising from the nature and extent of the material recovered from Phillips' devices. After applying these enhancements, and subtracting the three points for acceptance of responsibility, the total offense level is 28. This is consistent with the total offense level calculated by U.S. Probation in the Presentence Investigation Report. With a total offense level of 28 and a Criminal History Category I, the advisory guidelines recommend a sentence of 78 to 97 months. The government concurs with this calculation, and for the reasons explained herein, recommends a 63-month term of imprisonment. The evidence, as detailed below, supports each sentencing enhancement agreed upon by the parties.

*Material Depicting Prepubescent Minors.* U.S.S.G. § 2G2.2(b)(2) provides for a 2-level

---

[1]      One online community discussing the most commonly traded child pornography series included this: "The [series name] vids are the absolute best cp I've ever found. The little cocksucker was so fucking hot. There's one vid in particular where her [abuser] is fucking her ass while she rubs her clit, and she has the most satisfied look on her face as she cums. I used the vids as 'training' films when I started fucking my own daughter, and they really helped her get into it."

This victim has been stalked on multiple occasions by "fans" of her exploitation, and has been harassed by others to make adult pornography as an ode to her childhood sexual exploitation at the hands of her abuser.

6

sentencing enhancement "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." Phillips admitted in the plea agreement that the images and videos he possessed depicted prepubescent minors being sexually assaulted by adult males.  (ECF, Doc. 122). The forensic analysis of Phillips' laptop also confirms that Phillips possessed child pornography images of children under 12 years old.

*Sadistic or Masochistic Conduct.* U.S.S.G. § 2G2.2(b)(4)(A) provides for a 4-level sentencing enhancement if "the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler." Phillips admitted in the plea agreement to possessing sadistic and masochistic images, including images of nude minors tied up by ropes. The fact that the child is bound supports this enhancement. *See United States v. Rearden*, 349 F.3d 608, 615 (9th Cir. 2003). The forensic analysis of Phillips' laptop also confirms that Phillips possessed sadistic and masochistic images.

*Use of a Computer.* U.S.S.G. § 2G2.2(b)(6) provides for a 2-level sentencing enhancement if the defendant used "a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material." Phillips' use of a Dell P26E black and silver laptop computer to view child pornography supports this enhancement.

*600+ images.* The forensic examination of Phillips laptop confirmed 4,753 images and 538 videos of child pornography. Phillips admitted to possessing that number of images and videos in the plea agreement, and investigators confirmed those numbers through forensic analysis of Philips' laptop. (ECF Doc. 122).

c.   **Section 3553(a) Factors**

The section 3553(a) factors support a 63-month sentence. This sentence would adequately reflect the seriousness of this offense and the debilitating effects this offense has on child victims. A

63-month sentence would provide just punishment for the crime committed, deter the defendant and others from similar criminal conduct, and protect these vulnerable victims.

Phillips is 50 years old. He had a stable home life and a supportive family. He has maintained consistent employment and reported no mental health issues.  This is his first offense, but he has a lengthy history of collecting child pornography and exhibiting inappropriate sexual behavior in response to children. He has been viewing child pornography for approximately 20 years. His own words and actions show that he is a significant risk to children. His long-term alcohol addiction further amplifies this risk and requires intensive treatment.

The Ninth Circuit has affirmed 120 and 121-month sentences for defendants convicted on a single count of possession or receipt of child pornography. *See United States v. Gillespie*, 463 F. App'x 692, 693 (9th Cir. 2011); *United States v. Frantz*, 485 Fed. Appx. 890, 891 (9th Cir. 2012). The parties' joint recommendation for a 63-month sentence (5.25 years) is substantively reasonable in light of other sentences for similar conduct.

**IV.  Restitution**

As noted by the Presentence Investigation Report, victim information requests were submitted to the National Center for Missing and Exploited Children (NCMEC). NCMEC identified 64 different series of child pornography on the defendant's laptop. The known victims who request notice were notified of their repeated victimization by Phillips. To date, no child victims have responded with restitution requests.

**V.  Supervised Release**

According to the plea agreement, the defendant may argue for as low as 20 years of supervised release. However, the Government recommends lifetime supervised release following imprisonment. Supervised release is necessary to help Phillips stay accountable and receive sex offender and mental health treatment after his release from custody. Recovery from sex offenses often involves lifelong

management. Phillips in particular has a profound child pornography addiction, dating back 20 years. He has never sought or received any treatment for this addiction. He will most likely require treatment for the rest of his life. Lifetime supervision will ensure the defendant obtains adequate, long-term rehabilitative treatment.

Lifetime supervised release is also necessary for community protection. To the Government's knowledge, there has been no evaluation assessing Phillips' risk level or rehabilitative needs. If Phillips can establish and meet rehabilitative goals in the future, then he can apply for early termination of his supervised release. However, at this time, Phillips' long history of child pornography addiction warrants lifetime supervision. He has exhibited sexual arousal around children in the past and commented about acting on those desires. The defendant was also non-compliant with the conditions of his supervised release pending trial. He violated his monitoring requirements while out on a personal recognizance bond, resulting in revocation. Phillips prior and recent behavior call for lifetime supervision.

The Ninth Circuit has affirmed lifetime supervision in cases involving one count of possession of child pornography as substantively reasonable. *See United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008). The Government also respectfully asks that the Court impose the conditions of release set forth in the Presentencing Investigation Report as well as additional conditions regarding Phillips' alcohol use.

## VI.    Conditions of Supervision

The government requests that the Court impose specific conditions in the Presentence Investigation Report during Phillips' time of supervised release. Conditions of supervised release may only be imposed if they are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender. 18 U.S.C. §§ 3583(d)(1), 3553(a). However, conditions of supervised release need not relate to the defendant's underlying convicted offense, so long as they relate to at

1   least one of these goals. *United States v. Wise*, 391 F.3d 1027, 1031 (9th Cir. 2004). The Ninth Circuit

2   has consistently held that as long as the district court makes a factual finding which establishes a nexus

3   between the condition and one of the goals articulated in 18 U.S.C. § 3553(a)(2)(B)-(D), the district

4   court is not abusing its discretion to impose such a condition. *United States v. Terrigno*, 838 F.2d 371,

5   374 (9th Cir. 1988), *see also United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009).

6       a.   Conditions 2, 3 & 4 – Pornography Restriction & Treatment Programs

7           The Government agrees with Probation's recommendations Phillips be required to abstain from

8   using or possessing pornography, and further agrees that he must participate in a sex offender

9   program, including polygraph testing. Given Phillips' history of viewing child pornography and

10  exhibiting sexual arousal in response to his prepubescent daughters, these conditions meet the goals of

11  18 U.S.C. § 3553(a)(2)(B)-(D) by rehabilitating him while deterring future criminal conduct and

12  protecting the public. Polygraph testing furthers these goals as well by ensuring compliance with

13  treatment programs.

14      b.   Condition 8 – Place Restriction

15          The Government requests that the Court amend this condition to read "primarily used by

16  minors" rather than "likely to be." *See United States v. Zara*, 599 F. App'x 799 (9th Cir. 2015); *United*

17  *States v. Sanderson*, 730 F. App'x 426, 428 (9th Cir. 2018). The government respectfully proposes the

18  following: "You must not go to, or remain at, any place primarily used by children under the age of

19  18, including parks, schools, playgrounds, and childcare facilities." This condition is necessary to

20  protect the public and deter Phillips from committing additional offenses involving children.

21      c.   Condition 1 – Search and Seizure

22          The search and seizure under reasonable suspicion condition is justified by Phillips' actions

23  and the facts of this case. Computer monitoring alone is not sufficient to deter Phillips from obtaining

24  child pornography. Phillips actively took steps to conceal his child pornography addiction in the past.

Without this search condition, Phillips will have greater opportunity to anticipate searches and conceal criminality, which would directly undermine the goals of deterrence, protection of the public, and rehabilitation of the offender. 18 U.S.C. §§ 3583(d)(1), 3553(a).

d. Condition 5 & 6 – Computer Monitoring & Search

These conditions are needed to ensure that Phillips is not using electronic devices for illegal purposes. The Ninth Circuit has upheld computer monitoring as a legitimate condition for defendants convicted of child pornography crimes. In *United States v. Quinzon*, the defendant was convicted of possession of child pornography after downloading child sexually exploitative material using peer-to-peer file sharing programs. 643 F.3d 1266, 1273 (9th Cir. 2011). The Court held that it had discretion to craft conditions of supervised release, and that the installation of computer monitoring software was not an unnecessary deprivation of liberty. *Id.*; *see also Rearden*, 349 F.3d at 620 (justifying conditions banning defendant from possessing or using a computer with access to online services and allowing unannounced searches and seizures of defendant's computer); *United States v. Wong*, 687 F. App'x 593, 595 (9th Cir. 2017) (justifying conditions mandating the installation of a computer monitoring program). Since cell phones are classified as "computers" under 18 U.S.C. § 1030(e)(1), any cell phone Phillips uses would also be monitored under this condition. Thus, computer monitoring is an appropriate condition for supervised release, and the condition should allow for the monitoring of any cell phone or computer he uses to ensure compliance.

e. Condition 7 – Minor Prohibition

Limiting Phillips' contact with children, except for his own, is supported by his history of actively collecting child pornography and exhibiting physical arousal when around children. He has exhibited an inability to control his sexual deviance toward minors. In *United States v. Bee*, the Court upheld this restriction and a place restriction as a proper exercise of the district court's broad discretion to set the terms and conditions of supervised release. 162 F.3d 1232, 1235 (9th Cir. 1998).

When the restrictions are designed to promote rehabilitation and protect the public, broad conditions are reasonable. *Id.; see also United States v. Stoterau*, 521 F.3d 988, 1008 (9th Cir. 2008).

    f.   <u>Additional Recommended Condition – Alcohol Restriction & Treatment</u>

The Government requests the addition of two conditions to the terms of the defendant's supervised release, including an alcohol prohibition and substance abuse treatment for his alcohol addiction. Phillips admitted to having a serious problem with alcohol, and despite knowing this for some time, did not obtain treatment for his addiction for years. He has recently sought treatment for his alcohol addiction, but the Government requests that abstention and treatment be included as conditions of Phillips' supervised release. Child pornography offenses are often accompanied and exacerbated by substance abuse issues. These conditions serve the goals of 18 U.S.C. § 3553(a)(2)(B)-(D) by rehabilitating Defendant while deterring future criminal conduct and protecting the public.

**VII.    Conclusion**

Based on the foregoing, the Government respectfully requests that the Court sentence Phillips to a term of 63 months imprisonment, followed by lifetime supervision. This sentence accounts for the seriousness of this offense, protects the public and deters future conduct. Based on the totality of circumstances, the requested 63 months is sufficient but not greater than necessary to comply with the §3553 factors.

DATED this 8th day of October, 2019.

                                      Respectfully submitted,

                                      NICHOLAS A. TRUTANICH
                                      United States Attorney

                                      <u>/s/ Andolyn Johnson</u>
                                      ANDOLYN JOHNSON
                                      Assistant United States Attorney

**CERTIFICATE OF SERVICE**

It is hereby certified that pursuant to LCR 47-4 service of the foregoing SENTENCING

MEMORANDUM was made through the Court's electronic filing and notice system (CM/ECF)

addressed to the following:

> Christopher Frey
> chris_frey@fd.org
>
> Tiffany Nocon
> tiffany_nocon@fd.org

DATED this 8th day of October, 2019.

/s/ Andolyn Johnson
ANDOLYN JOHNSON