Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Tiffany L. Nocon
California State Bar No. 301547
Assistant Federal Public Defender
411 E. Bonneville Ave.
Las Vegas, Nevada 89101
(702) 388-6577
Tiffany_Nocon@fd.org

Attorneys for Daren W. Phillips

United States District Court

District of Nevada

| | |
|---|---|
| United States of America, | Case No. 3:18-cr-00101-MMD-CBC |
| Plaintiff, | Defendant's response to government's sentencing memorandum |
| v. | |
| Daren W. Phillips, | |
| Defendant. | |

## I. Introduction

Daren W. Phillips has a binding plea for sixty-three months' imprisonment and twenty years to a lifetime of supervision.[1] His supervision's length and conditions are disputed. As to length, Mr. Phillips should have twenty years of supervised release because, at his age, he poses the lowest recidivism risk. As to conditions, the following special conditions need to be rejected as unconstitutional or modified: (1) Minor Restriction and (2) Place Restriction.[2]

## II. Arguments

### A. Twenty years of supervision is right because Mr. Phillips poses the lowest recidivism risk

A twenty-year term of supervision is appropriate. The government wants lifetime supervision.[3] But the Supreme Court in *United States v. Booker* found that it is critically important there be "a strong connection between the sentence imposed and the offender's *real conduct*."[4] Courts order supervised release to "in part prevent further crimes thereby protecting the public against the risk of recidivism."[5]

Mr. Phillips poses the lowest recidivism risk. He stands convicted of possession of child pornography. He isn't before the Court for production of child pornography or contact offenses. He is fifty years old. After serving sixty-three months in custody, he will be fifty-five. In 2004, the Sentencing Commission released a report entitled *Measuring Recidivism:*

---

[1] ECF No. 122.

[2] Presentence Report (PSR) at 24-25.

[3] ECF No. 136 at 8.

[4] 543 U.S 220, 246 (2005) (emphasis added).

[5] *United States v. Kebodeaux*, 570 U.S. 387, 397 (2013) (noting that the "principal purposes of postrelease conditions are to rehabilitate the convict, thus preventing him from recidivating, and to protect the public"); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

*The Criminal History Computation of the Federal Sentencing Guidelines*.[6] According to this study, recidivism rates decline consistently as age increases. The recidivism rate for individuals fifty years or older is only 6.2%.[7] This is the *lowest* rate of recidivism for any of the categories studied by the Sentencing Commission.

Furthermore, Mr. Phillips must report as a sex offender for the rest of his life, which serves as an additional check on him. Thus, lifetime supervision is excessive and a waste of government resources. Twenty years of supervised release is an ample amount of time to serve the goals of rehabilitation.

**B.     The Place Restriction and Minor Prohibition must be rejected as unconstitutional or modified**

Courts may order a condition of supervised release if the condition:

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set for the in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).[8]

In addition, "[e]ven if a proposed condition meets [the statutory requirements], it still must involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release—that is, to achieve deterrence, public protection, or offender

---

[6] United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (2004) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf (PDF at 30, Ex. 9, Primary Definition Recidivism Rates for General Demographic Variables, by Criminal History Category Gender, Age at Sentencing, and Race ).

[7] *Id.*

[8] 18 U.S.C. § 3583(d).

3

rehabilitation."[9] The government bears the burden to demonstrate that a discretionary condition of supervised release is necessary.[10]

### 1. The Place Restriction is unconstitutional

Under the Fifth Amendment, Mr. Phillips has a "due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison."[11] A supervised release condition is unconstitutionally vague when it requires the defendant "to guess about the intended meaning of the terms of his supervised release."[12] A condition is unconstitutionally overbroad if it restricts more of a "defendant's liberty than necessary."[13] Still, the government wants to restrict Mr. Phillips from being at any place where he knows children are likely to be with a "Place Restriction."[14] The Place Restriction is detailed in the Presentence Report (PSR):[15]

> 8. **Place Restriction – Children Under 18** – You must not go to, or remain at, any place where you know children under the age of 18 are (likely to be,) including parks, schools, playgrounds, and childcare facilities.

This Place Restriction is unconstitutional.[16] In *United States v. Gibson*, the Ninth Circuit recently explained:

> Gibson's supervised release requires that he not go "any place where [he] know[s] children . . . are likely to be." This condition leaves Gibson guessing as

---

[9] *United States v. Sales*, 476 F.3d 732, 735 (9th Cir. 2007) (internal quotations omitted).
[10] *Id.*
[11] *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (per curiam).
[12] *Sales*, 476 F.3d at 737.
[13] *United States v. Wolf Child*, 699 F.3d 1082, 1090-91 (9th Cir. 2012).
[14] ECF No. 136 at 10.
[15] PSR at 25 (emphasis added).
[16] *See United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018); *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007).

4

to how probable a child's presence would have to be at a given location—even those locations commonly understood to cater predominantly to adults—to trigger Gibson's exclusion. And, even if the condition were more definite, it would still sweep too broadly, effectively barring Gibson from any location—be it a grocery store, hospital, courthouse, or place of worship—where a child was present. The condition is therefore unconstitutional.[17]

The Place Restriction exposes Mr. Phillips to incarceration if he "go[es] to" a grocery store, a shopping mall, church, or a movie. This is because all these locations are places where "children under the age of 18 are *likely to be*." The sheer number of possible locations where children under 18 are likely to be is infinite. It is also unclear how likely is "likely." Is likely a 50% chance children will be present, or maybe a 75% chance? The locations listed in the condition do not cure the condition's overbreadth. The list of locations is not all-inclusive, as it is prefaced by the term "*including* parks, playgrounds, and childcare facilities."

In the context of place or location restrictions, the Ninth Circuit has approved the phrase "primarily used by minors" or similar language. For example, the Ninth Circuit vacated a condition preventing a defendant "from 'frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18."[18] On remand, the Ninth Circuit court urged the district court to clarify the defendant was "only restricted from frequenting parks and pools *primarily used by minors*."[19] By prohibiting Mr. Phillips from going to, or remaining at, any place he knows children "are likely to be," the Place Restriction is too amorphous to pass constitutional muster.

---

[17] No. 17-10329, 2019 WL 3453231, at *2 (9th Cir. July 31, 2019).

[18] *United States v. Zara*, 599 F. App'x 799, 800 (9th Cir. 2015).

[19] *Id.*; *see also United States v. Sanderson*, 730 F. App'x 426, 429-30 (9th Cir. Apr. 11, 2018) (unpublished) (finding phrase "primarily used by children" in a loitering condition was not vague).

5

### 2. The Minor Prohibition is unconstitutional

While on supervised release, Mr. Phillips will have Fifth Amendment rights. The government wants to hamper those rights with a "Minor Prohibition."[20] The Minor Prohibition is detailed in the PSR:[21]

> 7. **Minor Prohibition** – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

This Minor Prohibition infringes on Mr. Phillips's Fifth Amendment rights by forcing him to confess to a violation of a special condition within twenty-four hours under threat of revocation. The Self–Incrimination Clause of the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself."[22] When the government questions people and truthful answers might incriminate them in future criminal proceedings, the Clause provides the privilege to refuse to answer.[23] Ordinarily, if people fail to assert the privilege—if they simply answer the question—their answers are considered voluntary (that is, not "compelled") for the Fifth Amendment.[24]

There are, however, exceptions to this general rule. For certain "well-defined situations" that are sufficiently likely to entail coercion,[25] the Supreme Court has "created

---

[20] ECF No. 136 at 10.
[21] PSR at 25 (emphasis added).
[22] U.S. Const. amend. V.
[23] *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).
[24] *Minnesota v. Murphy*, 465 U.S. 420, 429 (1984).
[25] *Id.*

prophylactic rules designed to safeguard the core constitutional right protected by the Self–Incrimination Clause."[26] Rather than ask whether statements were actually compelled, a prophylactic rule asks whether certain other conditions were met and provides that statements made under those conditions are deemed per se compelled.[27] A prophylactic rule, therefore, "sweeps more broadly than the Fifth Amendment itself" and may exclude even "patently voluntary statements."[28]

The Minor Prohibition requires Mr. Phillips to self-report if he has contact with a minor without first obtaining permission by the probation officer. The condition also prohibits contacting a minor without first obtaining permission. Thus, it forces Mr. Phillips to self-report a violation of a supervised release condition. That impermissibly infringes on Mr. Phillips's constitutional right to *not* incriminate himself. This special condition conflicts with the line of cases beginning with *Garrity v. New Jersey*, 385 U.S. 493 (1967). The *Garrity* rule applies when the government threatens to penalize the assertion of the Fifth Amendment privilege. In *Garrity*, a state employer questioning its employees informed them of their right to remain silent—and that if they exercised it, they would be fired.[29] Faced with the choice "either to forfeit their jobs or incriminate themselves," the employees confessed.[30] The *Garrity* court held that the state may not put its employees to such a choice and reversed their convictions.[31]

The *Garrity* rule has been generalized to any situation in which the government seeks to "impose substantial penalties because a witness elects to exercise his [or her or their] Fifth

---

[26] *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (plurality opinion).
[27] *See, e.g.*, *Oregon v. Elstad*, 470 U.S. 298, 307 (1985).
[28] *Id*. at 306–07.
[29] 385 U.S. at 494.
[30] *Id*. at 495.
[31] *Id*. at 497–98.

7

Amendment privilege."[32] Revocation of probation constitutes a penalty that cannot be imposed on the exercise of the privilege.[33] Finally, *United States v. Bahr* analyzed how certain a threatened penalty must be to give rise to a penalty situation. In *Bahr*, the Ninth Circuit held if refusing to answer would be "grounds for . . . revocation," it had created a penalty situation.[34] Consistent with the holding and reasoning of *Bahr*, a special condition forcing Mr. Phillips to self-report behavior which would violate his supervision runs afoul of the Fifth Amendment.

### III. Conclusion

Mr. Phillips requests the Court: (1) order twenty years of supervised release (not lifetime supervision); and (2) reject as unconstitutional or modify the Place Restriction and Minor Prohibition.

October 10, 2019

*Tiffany L. Nocon*
Assistant Federal Public Defender
For Daren W. Phillips

---

[32] *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977).
[33] *United States v. Frierson*, 945 F.2d 650, 658 (3d Cir. 1991) (collecting cases).
[34] *United States v. Bahr*, 730 F.3d 963 (9th Cir. 2013).

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 10, 2019, he served an electronic copy of the above and foregoing Defendant's Sentencing Memorandum by electronic service (ECF) to the person named below:

>NICHOLAS A. TRUTANICH
>United States Attorney
>ANDOLYN R. JOHNSON
>Assistant United States Attorney
>100 West Liberty Street, Suite 600
>Reno, NV 89501

*/s/ Brandon Thomas*
Employee of the Federal Public Defender